IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-03073-03-CR-W-BP |
| | ) | |
| RODRIGUEZ R. BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION DENYING DEFENDANT'S MOTION TO SUPPRESS OR TO CONDUCT A *FRANKS* HEARING

Defendant has been charged in a Second Superseding Indictment, (Doc. 184), with: conspiring to distribute heroin, (Count I), possessing heroin with the intent to distribute, (Counts II, IV, and IX), distributing heroin, (Counts III, VII, VIII, XII and XIII), possessing a firearm in furtherance of a drug trafficking crime, (Counts V and X), and being a felon in possession of a firearm, (Counts VI and XI). Some of the evidence of these crimes was found in a search of his house, which was conducted pursuant to a search warrant issued by a state judge.[1] He filed a motion to suppress evidence found in that search and for a hearing pursuant to *Franks v. Delaware*, 434 U.S. 154 (1978).

On June 3, 2020, the Honorable David P. Rush, Chief United States Magistrate Judge for this District, conducted a hearing on the matter. On July 24, Judge Rush issued a Report, (Doc. 259), recommending that the undersigned deny the Defendant's motion. Defendant objected to the Report, (Doc. 268). The Government has not responded to Defendant's objection and the time for doing so has passed. Local Rule 74(b)(2).

A district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendation to which objection is made," 28 U.S.C. §

---

[1] The Honorable Margaret Palmietto, Associate Circuit Judge on the Greene County Circuit Court.

636(b)(1), and the Court has reviewed the transcript from the hearing and the exhibits (including particularly the Application and Affidavit for Search Warrant, ("the Affidavit")), as well as the parties' written arguments. After conducting a de novo review of the facts and law, the Court agrees with Judge Rush's recommendation and denies Defendant's motion.

The Report is adopted in its entirety, so an extended discussion is not necessary. In summary, the Affidavit was prepared by Detective Steven Hartman of the Springfield Police Department. The relevant portion of the Affidavit begins by outlining Hartman's training and experience. The specific facts offered to support the search of Defendant's home were as follows:

> Within the past two months, Officers with the Springfield Police Department Special Investigations Unit have received information from multiple reliable confidential sources regarding Rodriguez Bradley being involved in the distribution of heroin. Within the past month, I have observed Rodriguez Bradley on several occasions at a residence known to be involved in the distribution of heroin.
>
> On 10/05/2016 I conducted a traffic stop on a red Chevrolet Impala at 220 W. Sunshine. The driver of the vehicle was Jasmine Lynn and the passenger was Rodriguez Bradley. Lynn consented to a search of the vehicle. Rodriguez had a backpack in the passenger's floor compartment which he consented to a search of. The backpack contained a large sum of cash. A police service dog indicated the odor of a controlled substance on the cash alone. Also behind the driver's seat was a 9mm handgun of which the dog also indicated the odor of controlled substance. The driver stated Bradley had placed the gun behind the seat. Myesha Dean arrived on the scene and stated she had purchased the handgun, but that Bradley had possessed it. Bradley is a convicted felon and prohibited from possession of a firearm. Bradley was on probation for two counts of Distribution of Controlled Substance out of Greene County, Missouri. Bradley was arrested for Unlawful Possession of a Firearm.
>
> On multiple occasions, I have observed Rodriguez Bradley at 2025 South Thelma Avenue, Springfield, Greene County, Missouri. I have observed Bradley driving a grey in color Mercedez [sic] which is often parked in the driveway of the residence. A check of the utilities of 2025 South Thelma Avenue confirmed Bradley has services in his name at the residence.

2

> Within the past thirty days, I have conducted surveillance at 2025 South Thelma Avenue and observed multiple different vehicles coming and going from the residence. Within the past five days, I observed a gray Mercedez [sic] leave the residence with a male whom I believed to be Rodriguez Bradley driving the vehicle. I had observed Bradley operate this vehicle on multiple occasions in the recent past. I followed the vehicle from 2025 South Thelma Avenue to a business parking lot where the vehicle parked. I then observed a person enter the Mercedez [sic] for approximately one minute before exiting the vehicle. The Mercedez [sic] then left the parking lot and the person whom exited the Mercedez [sic] entered his/her vehicle. I made contact with the occupants of the vehicle which the person whom exited Rodriguez Bradley's vehicle entered. During that investigation, one of the occupants threw a small amount of heroin on the ground and attempted to conceal it. It was confirmed by one of the occupants of the vehicle who was also in possession of heroin that he/she had purchased the heroin from Rodriguez Bradley. Using a NARTEC field test kit, I tested the heroin. The test indicated a positive presence of heroin. The heroin was logged into property as evidence.

(Doc. 215-3, pp. 2-3.) This section of the Affidavit concludes by reporting that Defendant "has past arrests for" several crimes, including drug-related crimes, some of which were for possessing heroin and for manufacturing and delivering heroin. (Doc. 215-3, p. 3.)

Defendant argues that the Affidavit failed to establish probable cause, (Doc. 215, p. 1), but Judge Rush recommended that the Court conclude the Affidavit establishes probable cause. In his Objection Defendant contends that the information about the traffic stop was stale, but the Court agrees with the Report that this information could be considered when making the probable cause determination. (Doc. 259, p. 19.) The Court further agrees that, considering the totality of the information contained in the Affidavit, probable cause was established. *See, e.g., United States v. Thurmond*, 782 F.3d 1042, 1044 (8th Cir. 2015) (stating standard for finding probable cause).

> Defendant's Objection primarily focuses on is his request for a *Franks* hearing.
>
> When a search warrant is based upon an affidavit setting forth a facially sufficient showing of probable cause, as in this case, the defendant is nonetheless entitled to an evidentiary suppression hearing if he makes a "substantial preliminary showing" that a false statement necessary to the finding of probable cause was "knowingly and intentionally, or with reckless disregard for the truth," included in the warrant affidavit. The evidence will be suppressed if, at the hearing, the defendant proves the allegation of perjury or reckless disregard, and that the affidavit's remaining content was insufficient to establish probable cause.

*United States v. Freeman*, 625 F.3d 1049, 1050 (8th Cir. 2010) (quoting *Franks*, 438 U.S. at 155-56). Information in the affidavit is presumed to be truthful. *E.g., Franks*, 438 U.S. at 171; *United States v. Williams*, 669 F.3d 903, 905 (8th Cir. 2012) (quotation omitted). Defendant must identify the statements that are allegedly untrue and further demonstrate that Detective Hartman "must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported. A showing of deliberate or reckless falsehood is not lightly met." *United States v. Butler*, 594 F.3d 955, 961 (8th Cir. 2010) (citations and quotations omitted).

Defendant has not made a "substantial showing" that there is false information in the Affidavit, that material information was omitted, or that Detective Hartman must have entertained serious doubts about the Affidavit's accuracy. In his Objection, Defendant contests the Affidavit's accuracy in several respects because he believes there should be more contemporaneous reports (or more details in the reports) to support Detective Hartman's observations. However, as explained above, the Affidavit is presumed to be accurate and Defendant has not demonstrated that the statements are inaccurate or that Detective Hartman was untruthful. *See Williams*, 669 F.3d at 905 ("Here, Williams proffered no affidavit or other evidence indicating that the trash was not at the curb. As a result, the district court did not abuse

4

its discretion in denying an evidentiary hearing."). Moreover, as outlined in the Report Detective Hartman explained why there were not detailed reports of the type Defendant alleges should exist, and the Court credits that explanation, so the Court does not believe there is any false information in the Affidavit.

Defendant presented other arguments contesting the Affidavit's accuracy and contending that some material facts were omitted but has not specifically referenced those arguments in his Objection. Nonetheless, the Court has reviewed the matter de novo and agrees with the Report's recommendation that the Motion to Suppress should be denied and that a *Franks* hearing need not be held.

Accordingly, Judge Rush's Report is adopted as the Order of the Court, and Defendant's Motion to Suppress and for a *Franks* hearing is **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
**DATE**: August _31_, 2020          UNITED STATES DISTRICT COURT