# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-03073-03-CR-S-BP |
| | ) | |
| RODRIGUEZ R. BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND (2) DENYING DEFENDANT'S MOTION TO SUPPRESS

Defendant has been charged with one count of conspiring to distribute 100 grams or more of heroin and one count of possessing heroin with intent to distribute. He filed a Motion to Suppress, (Doc. 310), contending that evidence obtained from his cellphones should be suppressed. The Honorable David P. Rush, Chief United States Magistrate Judge for this District, held a hearing on February 9, 2021, and he issued a Report recommending that the Motion to Suppress be denied. (Doc. 351.) Defendant objects to Judge Rush's Report and Recommendation ("the Report"); the Government has not responded to the objection.

The Court has conducted a de novo review as required by 28 U.S.C. § 636(b)(1). In particular, the Court has reviewed the parties' submissions before the hearing, the transcript from the hearing, and Defendant's objections. Having conducted this review, the Court adopts the Report as the Order of the Court and denies the Motion to Suppress; the Court's discussion is intended to augment, not supplant, the Report's recommended findings and conclusions.

## I. BACKGROUND

In September 2016, Officer Steve Hartman of the Springfield, Missouri Police Department received information that Defendant was involved in distributing heroin at an address on West

Silsby Street in Springfield. During his investigation, he had an occasion to stop a car in which Defendant was a passenger; the legality of that stop is not presently in question. Officer Hartman knew that Defendant was a convicted felon and was on probation for distribution of controlled substance. Officer Hartman searched the car and Defendant's backpack (the legality of these searches is not presently at issue) and found a firearm behind and under the driver's seat and more than $9,000 in cash in Defendant's backpack. The driver of the car told Officer Hartman that Defendant placed the gun under the driver's seat, and another witness told him that Defendant had taken the gun from her car. Officer Hartman placed Defendant under arrest, and during a search incident to the arrest he found and took possession of two cell phones; the legality of the arrest, the search, or the initial seizure of the phones is not presently at issue.

The cell phones were logged as evidence. The next day – October 6, 2016 – Defendant was released from custody. The cell phones were not returned to him, however. On October 18, 2016, Officer Hartman applied for and obtained a warrant to search the cell phones; the validity of the warrant is not presently at issue.

## II. DISCUSSION

The issue before the Court involves the continued retention of Defendant's cell phones between October 6 and October 18.

> A seizure reasonable at its inception because it is based upon probable cause may become unreasonable as a result of its duration. The duration of the seizure pending the issuance of a search warrant must still be reasonable, and reasonableness is measured in objective terms by examining the totality of the circumstances. There is unfortunately no bright line past which a delay becomes unreasonable. Thus, in some contexts, a delay as short as 90 minutes may be unreasonable, while in other contexts, a delay of over three months may be reasonable.
>
> To determine the reasonableness of a delay, we must balance the privacy-related and law enforcement-related concerns implicated. On the private-interests side, relevant considerations include the significance of the interference with the

person's possessory interest, the duration of the delay, whether the person consented to the seizure, and the nature of the seized property. On the government-interests side, relevant considerations include the government's legitimate interest in holding the property as evidence, the nature and complexity of the investigation, the quality of the warrant application and the amount of time we expect the application would take to prepare, and any other evidence proving or disproving law enforcement's diligence in obtaining the warrant. These factors are by no means exhaustive, but they are the most relevant when we seek to balance the privacy-related and law enforcement-related concerns at stake.

*United States v. Mays*, 993 F.3d 607, 616-17 (8th Cir. 2021) (cleaned up).

The Court agrees with Judge Rush that some of the facts the Court must consider favor Defendant and other facts the Court must consider favor the Government. Facts in Defendant's favor include: the nature of the property seized and the length of time between its initial seizure and Officer Hartman's application for a warrant. *See Riley v. California*, 573 U.S. 373, 403 (2014) (describing cell phones as containing "for many Americans the privacies of life"); *Mays*, 993 F.3d at 617 (stating that "fifteen days is a considerable period"). The Court concludes, however, that these facts are outweighed by those favoring the Government. *Mays* identified the existence of probable cause to believe the object contained evidence as a "key factor," *Mays*, 993 F.3d at 617. Officer Hartman believed on October 6 that he had sufficient information to support a warrant application, and the fact that Officer Hartman obtained a warrant based primarily on the information known to him on October 6 demonstrates that he was correct. The nature and complexity of the investigation – as demonstrated by a 22-count indictment charging nine individuals with conspiracy – further supports the delay. *See id*. at 617-18. Moreover – and unlike the defendant in *Mays* – Defendant did not seek the return of the cellphones, which is another fact in favor of the Government. *Id*. at 617.[1]

---

[1] Arguably, the facts in this case favor the Government more than the facts in *Mays*. The nature of the property, the reasons for the delay, and the presence of probable cause are similar in both cases. However, the retention of Defendant's cellphones was for a shorter period of time than in *Mays*, and Defendant did not request that his cellphones

Defendant challenges the conclusion that the delay was justified by the investigative effort, contending that the warrant application was not particularly detailed or complicated and suggesting that Officer Hartman had plenty of opportunity to seek a warrant earlier than he did. But the Court finds that the investigation was ongoing (which might have affected the warrant application) and given the complexities of a multi-defendant conspiracy investigation some delay was justified. The Court further finds, based on Officer Hartman's testimony, that the demands of the investigation and other police work made it "harder to find a judge" to approve the warrant. (Doc. 336, pp. 13-14, 36-37.)

Defendant also contends that the Record does not support the conclusion that he did not request that the phones be returned. The Record reflects that the cell phones "were logged into the Springfield Police Department Property Room." (Doc. 336, p. 11.) Officer Hartman testified that nobody asked him for the return of the cell phones. (Doc. 336, p. 16.) He also testified that he reviewed the property log at the Springfield Police Department prior to testifying, and it did not reflect that anyone had sought the cellphones' return. (Doc. 336, pp. 16-17.) Defendant correctly points out that on cross-examination Officer Hartman testified that he may not have looked at the property log since October of 2016. (Doc. 336, pp. 34-35.) However, despite this conflicting evidence, the Court finds that nobody sought the cellphones' return; nobody asked Officer Hartman for them back, and as they were held as evidence in an active investigation it seems reasonable to believe that he would know whether anyone sought them via other means. Finally, there is no evidence that Defendant (or anyone) requested that the phones be returned. For these reasons the Court finds that Defendant did not ask for the phones to be returned.

---

be returned. The only fact favoring Defendant that was not present in *Mays* is that Defendant possessed the cellphones at the time they were seized.

4

## III.  CONCLUSION

The Court finds that Defendant's failure to request that his cellphones be returned undermined his interest in his possession of them after he was released from custody.  The Court also finds that the legitimate investigative needs justified the delay between the cellphones' (lawful) seizure and the request for a warrant.  After weighing these (and other) facts, the Court concludes that the twelve-day delay in seeking a warrant was not unreasonable, and Defendant's Motion to Suppress is **DENIED**.

**IT IS SO ORDERED.**

DATE: July 12 , 2021

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT