IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 18-03073-03-CR-S-BP |
| ) | |
| RODRIGUEZ R. BRADLEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is the Motion to Sever the Defendant's Trial from Co-Defendants' Trials. (Doc. 428.) Upon review, Defendant's Motion will be **DENIED**.

**I.   Background**

On August 14, 2018, a 22-count Superseding Indictment was returned against nine defendants alleging crimes related to the distribution of heroin. (Doc. 34.) The superseding indictment charged Defendant with one count of conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B), one count of possession with intent to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and a Forfeiture Allegation pursuant to 21 U.S.C. § 853. A second Superseding Indictment was returned on November 6, 2019, containing the exact same charges against Defendant, but reducing the total number of counts to 13 and the number of defendants to five. (Doc. 184.)

On August 24, 2018, Defendant made his first appearance in the case. On that date, attorney Robert Lewis was appointed to represent him. On August 29, 2018, Defendant was arraigned, and a Scheduling and Trial Order was entered, setting the case for trial on October 29, 2018. On September 27, 2018, the trial was continued to January 7, 2019, on a codefendant's

motion. On November 27, 2018, the trial was continued to February 11, 2019, on a codefendant's motion. On January 11, 2019, the trial was continued to July 15, 2019, on a codefendant's motion. On April 25, 2019, Mr. Lewis was granted leave to withdraw, and attorney Shane Cantin was appointed to represent Defendant. On June 13, 2019, the trial was continued to October 28, 2019, on a codefendant's motion. On September 24, 2019, the trial was continued to January 6, 2020, on a codefendant's motion. On December 9, 2019, the trial was continued to February 10, 2020, on a codefendant's motion. On January 10, 2020, the trial was continued to April 20, 2020, on Defendant's motion.

On February 7, 2020, with leave of court, Defendant filed a Motion to Suppress Evidence and Request for a *Franks v. Delaware* Hearing. On June 3, 2020, the undersigned held a hearing on Defendant's motion to suppress. On July 24, 2020, the undersigned issued a report and recommendations on the motion to suppress, and on August 31, 2020, the District Judge adopted the report and recommendations and denied the motion to suppress.

The case was then reset for trial on October 19, 2020. On October 2, 2020, the trial was continued to March 22, 2021, on a codefendant's motion. On November 13, 2020, with leave of court, Defendant filed his *Second* Motion to Suppress Evidence. On February 9, 2021, the undersigned held a hearing on Defendant's second motion to suppress. On June 2, 2021, the undersigned issued a report and recommendations on the second motion to suppress, and on July 12, 2021, the District Judge adopted the report and recommendations and denied the second motion to suppress.

Next, the case was reset for trial on August 16, 2021. On July 16, 2021, the trial was continued to March 21, 2022, on a codefendant's motion. On November 29, 2021, attorney Austin Knoblock entered his appearance for Defendant, and Mr. Cantin was granted leave to withdraw

2

shortly thereafter. On February 18, 2022, the trial was continued to August 22, 2022, on a codefendant's motion.

On June 17, 2022, Defendant filed a Motion for Leave to File Relevant Pretrial Motions Out of Time, which is still being briefed and is not yet ripe. On July 22, 2022, counsel for codefendant James D. Elbert was granted leave to withdraw, and new counsel John Jenab was appointed to represent Mr. Elbert. On the same date, Defendant filed the instant motion to sever.

On July 27, 2022, a pretrial conference was held, during which Mr. Jenab stated he intends to move for a continuance of the August 22 trial on behalf of Mr. Elbert, but he is awaiting discovery to allow him to estimate how much additional time is needed to prepare for trial. At this time, three defendants in the case have maintained pleas of not guilty and remain set for trial on August 22: Defendant; James D. Elbert (2); and Kewan J. Rogers (5).

**II.     Discussion**

In his Motion, Defendant states that his "trial must be severed from that of his co-defendants in order to protect [his] right to a fair trial." (Doc. 428 at 1.) Defendant argues that "a joint trial will unduly prejudice [him] based on the extensive alleged criminal acts of the [] co-defendants [and the] introduction of such evidence will prejudice the jury against [him], thereby tainting his ability to obtain a fair trial." *Id*.

Rule 8(b) of the Federal Rules of Criminal Procedure establishes the requirements for joinder of offense or defendants in the same indictment. Defendants may be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id.* Rule 14(a) permits the court to order severance, even though joinder is otherwise proper under Rule 8, "[i]f the joinder of offenses or

3

Case 6:18-cr-03073-BP    Document 430    Filed 07/28/22    Page 3 of 6

defendants in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a).

"The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989). To that end, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" unless the benefits are outweighed by a clear likelihood of prejudice. *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials are favored because "[t]rying codefendants together not only conserves scarce time and resources, but also gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006) (cleaned up).

Nonetheless, the Court may sever trials "upon a showing of real prejudice to an individual defendant." *United States. v. Sandstrom*, 594 F.3d 634, 644 (8th Cir. 2010); *Zafiro*, 506 U.S. at 539 (stating that severance should be granted "under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence"). A defendant may show real prejudice to his right to a fair trial by demonstrating "(a) his defense is irreconcilable with that of his codefendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *United States v. Mueller*, 661 F.3d 338, 347 (8th Cir. 2011) (alteration and citation omitted); *see also Hively*, 437 F.3d at 765 (explaining that prejudice can be demonstrated by showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants because of a "prejudicial spillover effect."). A defendant carries a heavy burden of showing that severance is mandated. *United States v. Young*, 753 F.3d 757, 777 (8th

4

Cir. 2014). Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002).

In the undersigned's view, this is not that rare case. Defendant's main contention is that his "potential defense to the conspiracy charge, that he was merely a buyer and/or seller of controlled substances, is prejudiced by being tried with the [] co-defendants." (Doc. 428 at 5.) In support, he asserts that grand jury testimony "relating to any involvement [he] had in the [] drug trafficking organization was false." *Id*. at 2. However, as set forth in the Government's Response in Opposition to Defendant's Motion for Leave to File Relevant Pretrial Motions Out of Time, the evidence that Defendant states was false was far from the only evidence presented to the Grand Jury regarding his alleged involvement in the conspiracy. (Doc. 418 at 10-12.) As such, Defendant's argument regarding the grand jury proceedings goes to the sufficiency of the evidence against him, which is a matter that will be addressed at trial. Notably, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *United States v. Willis*, 940 F.3d 1136, 1139 (8th Cir. 1991). And the general rule is that "persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *Mueller*, 661 F.3d at 347 (8th Cir. 2011). Accordingly, Defendant fails to show real prejudice justifying severance here.

Defendant also argues briefly that his codefendant, Mr. Elbert, has just been appointed new counsel and might "request a different attorney again and further delay these proceedings, which is detrimental to [him]." (Doc. 428 at 2.) However, the Court notes that Defendant's right to a speedy trial is not violated because of a codefendant's motion to continue and further, that Defendant himself has been afforded the opportunity to file several pretrial motions, including two

5

separate motions to suppress evidence. *United States v. Titlbach*, 339 F.3d 692, 698 (8th Cir. 2003); *United States v. Thomas*, 774 F.2d 807 (7th Cir. 1985). Thus, Defendant's conclusory and speculative argument regarding his codefendant also fails to show prejudice.

Lastly, Defendant posits that he should not be tried with the remaining codefendants, because there "are no allegations against Mr. Elbert that include Mr. Bradley at this point in the case, [nor] any evidence tying Mr. Elbert and [Defendant] together." (Doc. 428 at 3.) Here, the indictment charges that Defendant and the codefendants "conspired and agreed with each other and with others," and the Government is not required to prove that Defendant conspired with every named codefendant. *United States v. Spencer*, 592 F.3d 866, 873 (8th Cir. 2010). In fact, the Government is not even required to prove that he conspired with *any* codefendant, because the question is not whether there is sufficient evidence that Defendant conspired with Mr. Elbert, "but whether there [is] sufficient evidence that he conspired with some other person." *United States v. Allen*, 613 F.2d 1248, 1253 (3rd Cir. 1980). As a result, this argument fails to justify severance.

Based on the foregoing, the Motion to Sever the Defendant's Trial from Co-Defendants' Trials is **DENIED**.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 28, 2022