IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 18-03073-03-CR-S-BP |
| | ) | |
| RODRIGUEZ R. BRADLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION ADOPTING MAGISTRATE JUDGE'S REPORT AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION OUT OF TIME

In July 2018, Defendant was charged with one count of conspiring to distribute 100 grams or more of heroin and one count of possessing heroin with the intent to distribute. (Doc. 1.) A Superseding Indictment was returned in August 2018; the only change affecting Defendant was the addition of forfeiture allegations. (Doc. 34.) Ten days later, counsel was appointed to represent Defendant, and shortly thereafter (on August 29, 2018) a Scheduling and Trial Order was issued setting a pretrial motion deadline of September 20, 2018. (Doc. 60.)

In April 2019, Defendant's appointed attorney was granted leave to withdraw, and new counsel was appointed. In November 2019 a Second Superseding Indictment was filed, (Doc. 184); with respect to Defendant, the allegations were substantially the same as those contained in the Superseding Indictment.

In January 2020 Defendant was granted leave to file a Motion to Suppress out of time. The motion challenged the warrant issued to search Defendant's house and was denied. (Doc. 274.) In November 2020, Defendant received permission to file another Motion to Suppress out of time. This motion challenged the retention and eventual search of his cellphones, and like his prior motion it was denied. (Doc. 361.)

In November 2021, Defendant's current attorney entered his appearance and Defendant's appointed counsel withdrew. In March 2022, counsel requested the Government provide transcripts of the grand jury proceedings that led to the original Indictment in July 2018. He obtained the transcripts in April 2022 and learned that Officer Benjamin Deutscher testified a confidential informant ("CI-4") told him Defendant sold him heroin from March 2016 through May 2016. However, Defendant was incarcerated between February 24, 2016, and June 17, 2016.

On June 17, 2022, Defendant (through counsel) filed a motion requesting leave to file a Motion to Dismiss, seeking to dismiss the Indictment on the ground that the Government relied on perjured testimony to obtain the Indictment. The Honorable David P. Rush, the United States Magistrate Judge to whom this case was referred for pretrial matters, issued a Report recommending that the request be denied because there is not good cause justifying the untimely motion and there is no prejudice from disallowing the untimely motion. (Doc. 442.) Defendant filed objections. (Doc. 444). The Court has conducted a de novo review and (1) adopts Judge Rush's Report as its Order and (2) denies Defendant's motion. This Order is intended to supplement the Report's rationale.

As the Report explains, Rule 12(c) permits a court to set deadlines for the filing of pretrial motions, and Rule 12(c)(3) permits a court to consider an untimely motion "if the party shows good cause." "To show good cause, a party must show *both* cause *and* prejudice." *United States v. Fogg*, 922 F.3d 389, 391 (8th Cir. 2019) (emphasis supplied).

Here, Defendant sought leave to file his third untimely pretrial motion approximately four years after the deadline expired. To justify this lengthy delay, Defendant points out the grand jury transcripts were not provided until April 2022, (Doc. 444, p. 2), which is correct – but then, Defendant did not request them until March 2022 (which, as the Report points out, was four months

after Defendant's current counsel entered his appearance). Moreover, despite obtaining the transcript on April 12, 2022, Defendant did not seek leave to file the motion at issue for another two months.

Regardless, the Court does not discern any prejudice to Defendant by disallowing his untimely motion. For the reasons stated in the Report, Defendant's allegations fall well short of demonstrating prosecutorial misconduct. There is no suggestion the officer committed perjury; at worst, CI-4 provided the officer with false information. Even so, the charges would not be dismissed. "[D]ismissal of an indictment is proper only when the defendant demonstrates flagrant misconduct and substantial prejudice. Absent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been deliberate." *United States v. Wadlington*, 233 F.3d 1067, 1073–74 (8th Cir. 2000). Here, the charges would not be dismissed because even without the testimony about CI-4's statements, there was additional and substantial evidence to support the Indictment.

Defendant also suggests he is prejudiced because CI-4's statements "formed the basis of the probable cause of the search warrant in this matter, thus a motion to suppress would be appropriate." (Doc. 444, p. 3.) This is not correct; as discussed in the Court's Order denying Defendant's first Motion to Suppress, the affidavit supporting the search warrant included a summary of statements from "multiple confidential sources" and observations of a law enforcement. (Doc. 274, pp. 2-3 (quoting Doc. 215-3, pp. 2-3).) Therefore, even if CI-4 was one of the "multiple confidential sources" mentioned in the affidavit, suppression would not be warranted.

For these reasons, the Court agrees with the Report's conclusion that Defendant has not shown good cause to justify allowing him to file an untimely motion or demonstrated prejudice

from his inability to do so. The Report is adopted as the Order of the Court, and Defendant's motion is denied.

**IT IS SO ORDERED.**

DATE: September 27, 2022

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT